UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

RICHARD TILELLI

    Plaintiff,

vs.                                                          CASE NO.:

FREEDOM MORTGAGE CORPORATION,

    Defendant.
_____/

## COMPLAINT

Plaintiff, RICHARD TILELLI, by and through their undersigned counsel, and bring this action against the Defendant, FREEDOM MORTGAGE CORPORATION (hereinafter "Defendant Freedom"), and in support allege as follows:

## INTRODUCTION

1. This is an action brought by consumers for Defendant's violation of the Real Estate Settlement Procedures Act, 12 U.S.C. §§ 2601, *et seq.* ("RESPA"), and their implementing regulations.

2. The Consumer Financial Protection Bureau ("CFPB") is the primary regulatory agency authorized by Congress to supervise and enforce compliance of RESPA. The CFPB periodically issues and amends mortgage servicing rules under Regulation X, 12 C.F.R. § 1024, and Regulation Z, 12 C.F.R. § 1026, RESPA and the respective implementing regulations.

3. Specifically, Plaintiff seeks the remedies as provided in RESPA for the Defendant's failure to comply with Section 2605(k) of RESPA, Sections 1024.35 and 1024.36 of Regulation X.

## JURISDICTION

4. Jurisdiction of this Court arises under 28 U.S.C. § 1331 because the Complaint alleges a federal claim and requires the resolution of substantial questions of federal law.

5. Moreover, this case is a civil action arising under the laws of the United States over which this Court has original jurisdiction under 28 U.S.C. § 1331.

6. Venue in this District is proper because the property (the "subject property") is located in Flagler County, Florida, and this is the District where a "substantial part of the events or omissions giving rise to the claim occurred." 28 U.S.C. § 1391(b)(2).

## PARTIES

7. At all times material hereto the Defendant was and is a foreign limited liability company duly licensed to transact business in the State of Florida.

8. At all times material hereto, Plaintiff owned and continues to own the subject property, which is located in Flagler County, Florida with an address of 224 Grand Reserve Drive, Bunnell, FL 32110.

9. At all times material hereto, the Defendant is and was a loan servicer as the term is defined in 12 U.S.C. § 2605(i)(2) and 12 C.F.R. § 1024.2(b), that services the loan obligation secured by a mortgage upon the subject property.

10. The subject loan is a "federally related mortgage loan" as defined in 12 U.S.C. § 2602(1) and 12 C.F.R. § 1024.2(b) and referred to by the Defendant as loan number XXXXXX9407.

## BACKGROUND AND GENERAL ALLEGATIONS

11. On or about November 25, 2016, the Plaintiff entered into a promissory note agreement with Freedom Mortgage Corporation (the "Note") for what he intended to be his primary residence.

12. The Note was secured by a mortgage on the subject property (the "Mortgage") (the "Note" and the "Mortgage" are collectively referred to as the "Loan").

13. On or about April 7, 2022, a foreclosure action was filed against the Plaintiff in Flagler County, Florida, bearing Case No. 2022 CA 000222, and styled as FREEDOM MORTGAGE COMPANY v. RICHARD TILELLI, ET AL (the "Foreclosure").

14. On or about March 2, 2021, Defendant began servicing the loan.

15. To the best of Plaintiff's knowledge, he has made payments on the loan such that the loan should be current despite FREEDOM's statements and actions to the contrary, or at a minimum, any past due balance would be substantially less than what FREEDOM has alleged.

16. FREEDOM has assessed numerous fees and charges to the account that should have never been assessed.

17. On or about April 28, 2022, Plaintiff retained Loan Lawyers, LLC ("Loan Lawyers") as counsel to represent him in his efforts to get answers as to what has happened that has caused FREEDOM to assert that Plaintiff is delinquent on his loan obligations.

I. **The Request for Information and Notice of Error**

18. In furtherance of the efforts to assist Mr. Tilelli, Loan Lawyers sent a Qualified Written Request in the form of a Request for Information (RFI) to FREEDOM on or about July 28, 2022 and January 6, 2023. **(see Exhibit A)**

19. The Qualified Written request was received by FREEDOM shortly thereafter.

20. Plaintiff will not detail every request in the RFI and NOE the body of this complaint, but incorporates Exhibit A into the complaint and will provide a few highlights herein.

21. On or about August 29, 2022, Defendant Freedom did send a letter purporting to respond to Plaintiff's RFI. However, Defendant Freedom, failed to respond with or provide sufficient information to satisfy Plaintiff's RFI and the concerns raised therein.

22. As the date this lawsuit document FREEDOM has not responded by providing any of the requested documents/information.

23. The Request for Information itself was very specific and requested specific information that Plaintiff and his counsel needs to see exactly what happened with the subject loan. Requests such as these are the very reason that the Request for Information regulations found at 12 C.F.R. §1024.36 were enacted.

24. FREEDOM was specifically asked to provide a list of all fees and charges assessed to our clients' mortgage loan in 2020, 2021 and 2022.

25. The RFI also requested FREEDOM to provide information regarding any fees or charges assessed to our clients' mortgage loan in 2020, 2021 and 2022 are for property inspections, please provide a copy of each property inspection that was generated.

26. The RFI also requested a life of loan transaction history showing all payments, fees, and charges applied to Mr. Tilelli loan. This information would allow Plaintiff and his counsel to see if FREEDOM has properly serviced this loan, but without this information, Plaintiff and his counsel are left with unanswered questions.

27. The RFI specifically requested information on whether or not Plaintiff's account was enrolled for automatic debit of payments from the client's bank account? If yes, what was the date of enrollment.

28. The concerns about the servicing of the loan are legitimate concerns, in that Plaintiff always made his loan payments through autopay, but that was subsequently removed by Defendant for some unknown reason.

29. Further, the fees that are being charged are questionable. For example, there are multiple property inspections fees being imposed just days apart, there are multiple attorneys fee being assessed on the same day for the same amount, and the charges for property inspections increased significantly without explanation.

30. It is also questionable if the property inspections are even reasonable as there is real doubt if any employee of Defendant ever even reviewed them to begin with.

31. These provide more than a good faith basis to questioning the serving of the loan and Plaintiff is entitled to this information.

32. The above are several highlights of the issues that Mr. Tilelli and his counsel need answers to.

33.

34. Borrowers such as Mr. Tilelli have a right to receive information and explanations as set forth in Regulation X.

35. Mr. Tilelli lives in the subject property and is suffering greatly from emotional distress without having this information.

36. Mr. Tilelli is in the dark as to what has gone wrong with his loan.

37. Every day that goes by that FREEDOM continues to ignore the qualified written request is in another day of suffering from the uncertainty of what is going on with this loan.

38. Mr. Tilelli worries that the home he lives in will be foreclosed, and FREEDOM's failure to provide the requested information is causing Mr. Tilelli to suffer from stress and anxiety about not knowing what went wrong with his loan and what will happen.

39. Further, Mr. Tilelli counsel is unable to provide any meaningful answers to Mr. Tilelli nor provide any assistance to help him resolve these issues without the requested documents and explanations.

40. Once Mr. Tilelli has the information requested in the Qualified Written Request and the explanation from FREEDOM, he can then take the next steps to rectify whatever has gone wrong.

## II. Requirements After FREEDOM Received Plaintiff's Qualified Written Request

41. The Defendant was obligated to acknowledge receipt of Plaintiffs' Qualified Written Request in writing within five (5) business days pursuant to 12 C.F.R. § 1024.36(c) and 12 C.F.R. § 1024.36(d).

42. The Defendant was further required to provide a written response to Plaintiffs' additional information requests within thirty (30) business days, with the requested information included or a written statement that the "requested information is not available to the servicer" and the "basis for the servicer's determination." See 12 C.F.R. § 1024.36(d).

43. Pursuant to RESPA under 12 C.F.R. §1024.36(d) FREEDOM was required to provide its' written response to the Request for Information by August 27, 2022. Despite more than 7 months elapsing since receipt of the RFI, FREEDOM has still failed to do so.

44. On or about January 6, 2023, counsel for Plaintiff sent a follow up letter requesting compliance with the RFI and providing notice and opportunity to cure, however FREEDOM has still failed to comply.

45. Despite those efforts, the Defendant has failed or refused to respond to and/or correct the errors of which they were advised, contrary to 12 C.F.R. §1024.35, and has failed or refused to respond to Plaintiff's RFI, contrary to 12 C.F.R. §1024.36(c) and 12 C.F.R. §1024.36(d)(2)(i)(B), as well. Each of these errors in FREEDOM's servicing conduct is a violation of RESPA.

## COUNT I – VIOLATION OF 12 U.S.C. § 2605(k)

46. Plaintiff repeats, re-alleges and incorporates by reference paragraphs 1 through 50 against the Defendant.

47. Section 6, Subsection (k) of RESPA states in relevant part:

> **(k) Servicer prohibitions**
> **(1) In general**
>   A servicer of a federally related mortgage shall not--
>
> ****
>
> **(C)** fail to take timely action to respond to a borrower's requests to correct errors relating to allocation of payments, final balances for purposes of paying off the loan, or avoiding foreclosure, or other standard servicer's duties;
>
> ****
>
> **(E)** fail to comply with any other obligation found by the [CFPB], by regulation, to be appropriate to carry out the consumer protection purposes of this chapter.

12 U.S.C. § 2605(k)

48. Section 1024.36 (Request for Information) of Regulation X was promulgated pursuant to Section 6 of RESPA and thus subject to RESPA's private right of action. *See 78 Fed. Reg. 10696,* 10714, FN. 64 (Feb. 14, 2013)("The [CFPB] notes that regulations established pursuant to section 6 of RESPA are subject to section 6(f) of RESPA, which provides borrowers a private right of action to enforce such regulations"). *See also 78 Fed. Reg.* at 10737, 10753 (the

CFPB noting that Section 1024.35 and 1024.36 implement Section 6(k)(1)(C) and 6(k)(1)(D) respectively).

49. The CFPB's authority to prescribe such regulations under Section 2605(k)(1)(E), is stated in Section 2617 of RESPA: "The [CFPB] is authorized to prescribe such rules and regulations, to make such interpretations, and to grant such reasonable exemptions for classes of transactions, as may be necessary to achieve the purposes of this chapter." 12 U.S.C. § 2617.

50. FREEDOM's failure to respond to the Request for Information is a violation of federal Regulation X.

51. Defendant has also failed to or refused to comply with 12 C.F.R. § 1024.36(c) and 12 C.F.R. § 1024.36(d)(2)(i)(B) by not providing a compliant written response to a request for information within the required timeframe.

52. As such, the Defendant has committed multiple violations of 12 U.S.C. § 2605(k)(1)(E) and the implementing regulations found at Regulation X.

53. Plaintiff has hired Loan Lawyers, LLC, for legal representation in this action and has agreed to pay a reasonable attorney's fee.

54. The Plaintiff has been injured in fact, and suffered actual damages by virtue of the Defendant's repeated violations of those legal rights and protections, which Congress provided to the Plaintiffs and other consumers like them. The threshold of the Defendant's violations stem from the failure to provide the information requested in the Request for Information, not honoring Mr. Tilelli's previously enrolled automatic bank debit(s), by assessing numerous fees and charges causing his loan balance to increase, and by failing to correct any errors. These injuries are also in the form of postage costs for sending Exhibit B and emotional distress damages as more particularly described herein.

55. In addition, Mr. Tilelli seeks nominal damages for violation of his rights pursuant to RESPA and implemented through regulation X as is more particularly described herein.

56. Therefore, Plaintiff's injuries result in-part from the Defendant's invasion of a legally protected interest that is concrete, particularized, and actual. Simply stated, the Defendant violated the Plaintiffs' procedural rights under RESPA by not providing the information responsive to the Plaintiffs' requests for that information and for all of the other violations set forth herein.

57. Plaintiff is entitled to actual damages and nominal damages as a result of Defendant's failure to comply with Regulation X and RESPA, pursuant to 12 U.S.C. § 2605(f)(1)(A), including but not limited to: (1) photocopying costs and postage costs incurred in mailing Plaintiff's reminder letter and notice and opportunity to cure (Exhibit B) and (2) emotional distress due to Defendant's failure to adequately respond to inquiries as required by RESPA. See Martinez v. Shellpoint Mortg. Servicing, No. 16-60026-CIV, 2016 WL 6600437 (S.D. Fla. Nov. 8, 2016); Porciello v. Bank of America, N.A., 2015 WL 899942 (M.D. Fla. 2015)(same); Bryan v. Fed. Nat'l Mortg. Ass'n, 2014 WL 2988097 (M.D. Fla. 2014)(finding that the plaintiffs sufficiently alleged damages in the form of emotional distress, anxiety, embarrassment). Plaintiff has also suffered actual damages in the form of emotional distress, anxiety, the constant fear of losing his property, worry, embarrassment, and anguish as a result of the ongoing failures of the Defendant to address the Plaintiff's concerns relating to his loan. See Bryan v. Fed. Nat'l Mortg. Ass'n, 2014 WL 2988097 (M.D. Fla. 2014) (the court finding that the plaintiffs sufficiently alleged damages in the form of emotional distress, anxiety, embarrassment).

58. Plaintiff is entitled to the costs of this action, together with a reasonable attorney's fee as determined by the court, pursuant to 12 U.S.C. § 2605(f)(3).

## PRAYER FOR RELIEF

**WHEREFORE,** Plaintiff, ROBERT TILELLI, respectfully ask this Court to enter an order granting judgment for the following:

(a) That the Defendant be required to provide the totality of the information requested in Plaintiff's request for information with detail and specificity;

(b) That the Defendant be ordered to conduct a reasonable investigation of the errors alleged by Mr. Tilelli, inform Mr. Tilelli of the results of that investigation, and correct any errors found in the investigation;

(c) For actual damages, costs, and reasonable attorney's fees, pursuant to 12 U.S.C. § 2605(f); and

(d) Such other relief to which this Honorable Court may deem just and proper.

## DEMAND FOR JURY TRIAL

Plaintiff, ROBERT TILELLI, hereby demand a trial by jury of all issues so triable.

Date:   February 13, 2023         Respectfully Submitted,

*/s/ Matthew D. Bavaro*
Matthew D. Bavaro, Esquire
FL Bar No.: 175821
E-mail: matthew@fight13.com
LOAN LAWYERS, LLC
3201 Griffin Road #100
Fort Lauderdale, FL 33312
Telephone: (954) 523-4357
Facsimile:  (954) 581-2786
*Attorney for Plaintiff*